# FREDERICK C. PORTER *et al.*

## *v.*

## CHARLES TRIOLA.

1. PRACTICE—*motion for continuance arises too late after trial is begun.* A motion for a continuance, after the commencement of a trial, on account of the sudden illness of the attorney of the party asking the continuance, comes too late. The remedy, if any, in such case, must be found in a motion for a new trial.

2. NEW TRIAL—*on account of sudden illness of attorney.* A new trial will not be granted on account of the sudden illness of the attorney of the party, unless it appears affirmatively, from the affidavits in support of the motion, that the party asking the new trial can, on another trial, make a better showing.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. HENRY V. FREEMAN, for the appellants.

Mr. FRED. L. KIMMEY, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This was an action of trespass, by appellee, against appellants, for the taking of certain goods claimed by appellee, as a purchaser from certain debtors of appellants, and the defense set up by appellants questions the validity of the purchase by appellee, as against creditors of his vendors.

It is insisted by appellants, that the court below erred in overruling their motion for a continuance. The motion was not made until after the trial had begun. The ground presented was, the alleged sudden illness of appellants' attorney. The court below took a correct view of the subject, and ruled that the motion for continuance, after trial begun, came too late, suggesting that the remedy, if any, must be found in a motion for a new trial.

Appellants also insist, that the court erred in refusing to grant a new trial.

It is insisted that the verdict is clearly against the weight of the evidence. We have carefully examined the evidence, and while, to some members of this court, it seems that the verdict is not in accord with the weight of the evidence, still we are all of the opinion that it is not so clearly and palpably wrong as to authorize this court to reverse the judgment upon that ground.

It is insisted that a new trial ought to have been granted on account of the want of preparation for trial, on the part of appellants, resulting from the sudden illness of their attorney, who was not only prevented from attending the trial, but was prevented from producing important proofs, which appellants could not have produced without the presence of their attorney. It is said, in the brief of appellants' attorney, that this "motion was supported by the affidavits of appellant Porter and of his attorney." We have looked in the abstract of the record prepared by appellants for the contents of these affidavits, and find that the same are not set out. After resorting to the record, we find that these affidavits failed to show, affirmatively, that upon another trial appellants could make any better showing.

In fact, it does not affirmatively and clearly appear that they were put to any real disadvantage at the trial which was had.

The judgment below is affirmed.

*Judgment affirmed.*